A construction is sought of the last will and testament of Paul T. Buckler, who died on or about December 13th, 1942. The will is dated November 25th, 1942. It was probated March 4th, 1943. Letters testamentary were issued to the complainant, the Hudson County National Bank, one of the executors named in the will. Alfred Estey, who is also named in the will as an executor, failed to qualify as such. The testator bequeathed the sum of $1,000 each to Grace Buckler, Kate Dent Altschul, Mary G. Harrover and Maud Dorsey. *Page 491 
who are the defendants herein. The issue arises from the language of the sixth paragraph of the will which reads as follows:
"Sixth: I hereby devise and bequeath to Marion Pressler, all the residue and remainder of my estate, real and personal and whatsoever character, and including all commission that will be due me from Oscar H. Ludeman, 420 Lexington Avenue, New York City, and all other commissions due me."
The complainant, as executor, now holds moneys received from Oscar H. Ludeman which amount to $5,239.83. There is a claim outstanding against Ludeman for an additional sum of $850 for commissions. If the latter sum is collected by the complainant, that money added to the aforesaid sum of $5,239.83, will represent the total remaining of the decedent's entire personal estate.
This suit is brought to determine whether the bequest to Marion Pressler, as expressed in the sixth paragraph of the will, of all the commissions due from Ludeman, constitutes a part of the residuary bequest contained in this paragraph or whether it constitutes an addition to the residuary bequest, or a specific bequest of the money from Ludeman. Counsel for the complainant and counsel for the beneficiaries contend that the bequest in the sixth paragraph of the will, of the Ludeman commissions, to Marion Pressler is not a specific bequest. I agree with them.
The facts and circumstances herein closely approach the situation which existed in Sanborn v. Sanborn, 14 N.J. Mis. R.260. The testatrix in that case provided as follows: "All the rest, residue and remainder of my estate, real and personal including my stocks which I hold in any company or corporations I give, devise and bequeath to my husband. James Lane Sanborn, absolutely, his heirs and assigns forever." The decedent's estate was insufficient to pay the legacies after the debts were paid. The complainant there contended that he was entitled to the stocks, claiming that the bequest of the stocks was a specific legacy and did not form part of the residuary estate. The court decided that the clause "including my stocks which I hold in any company *Page 492 
or corporations" was not a specific legacy, but that it constituted part of the residuary estate, and that there should be an abatement in favor of the pecuniary legacies.
In the instant case the Ludeman commissions are not referred to in any part of the testament excepting in the residual clause. I am satisfied that they are part of the residuary estate.
The inheritance taxes, the administration expenses, costs and counsel fees, shall first be paid, then payment of the four general legacies bequeathed to the defendants as aforesaid. In the event the assets are insufficient to pay the bequests in full, then there shall be an abatement of the bequests. *Page 493